UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

BRUCE WIMBERLEY,

    Plaintiff,

v.   :   CASE No. 8:03-CV-2008-T-27TGW

JO ANNE BARNHART,
Commissioner of Social Security,

    Defendant.

## REPORT AND RECOMMENDATION

This cause came on for consideration upon the Plaintiff's Motion for Award of Attorney's Fees Pursuant to the Equal Access to Justice Act (Doc. 18) filed by counsel for the plaintiff on April 21, 2005. Having considered the application, the defendant's lack of objection, and the pertinent factors regarding an award of an attorneys' fee under the Equal Access to Justice Act ("EAJA"), I recommend that the plaintiff be awarded $2,887.50 in an attorneys' fee to be paid by the defendant.

The applicant represented the plaintiff in this action seeking review of a denial of Social Security disability benefits. This matter was reversed and remanded to the Social Security Administration by order of this court dated

January 25, 2005 (Doc. 17). Judgment was therefore entered in favor of the plaintiff (Doc. 24). The plaintiff then filed this application for an attorneys' fee under the EAJA.

The EAJA requires a court to award an attorneys' fee to any party prevailing in litigation against the United States unless the court finds that the position of the United States was "substantially justified" or that "special circumstances" make such an award unjust. 28 U.S.C. 2412(d)(1)(A). In this case, the applicant has requested an award of attorneys' fees in the amount of $2,887.50, representing 16.6 hours of service before the court by attorney Nora Leto and 6.5 hours of service by attorney Francis Solorzano, both at an hourly rate of $125.00 (Doc. 18, Atts.). The defendant has responded to the motion, and she "has no objection to the payment..." (Doc. 20, p. 2).

There is no question that the plaintiff is a prevailing party. See Shalala v. Schaefer, 509 U.S. 292, 302 (1993). Moreover, the defendant has not suggested any basis for determining that an award of attorneys' fees would be unjust. Consequently, the plaintiff is entitled to an attorneys' fee.

The claim of 23.1 hours for services performed in this case appears reasonable. Importantly, the defendant has not challenged that claim.

As for counsel's hourly rate, the defendant has not challenged the requested hourly rate of $125.00. Moreover, the rate of $125.00 per hour is the rate that has typically been applied in these cases, and is expressly authorized by 28 U.S.C. 2412(d)(2)(A)(ii)(Supp. 2002).

I therefore recommend that the plaintiff's Petition for Attorney Fees (Doc. 18) be granted, and that the plaintiff be awarded the amount of $2,887.50 in an attorneys' fee to be paid by the defendant pursuant to the EAJA.

Respectfully submitted,

DATED: June 2, 2005

THOMAS G. WILSON
UNITED STATES MAGISTRATE JUDGE

## NOTICE TO PARTIES

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its service shall bar an aggrieved party from attacking the factual findings on appeal. 28 U.S.C. 636(b)(1).